IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                          Plaintiff,

      v.

FLORENTINO CASTILLO,

                          Defendant.

ORDER

05-cr-39-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On October 12, 2010, defendant Florentino Castillo filed a motion for an extension of time in which to submit a motion for post conviction relief under § 2255. He alleged that his legal work had been sent to him at USP Hazelton but that the staff had lost it before giving it to him. He enclosed a letter from his unit counselor confirming the loss of the materials.

      In an order entered on October 20, 2010, I explained to defendant what he would need to show to succeed on his motion for an extension of the one-year filing period and gave him until November 5, 2010 to submit a response. Dkt. #483. Defendant submitted a timely response in which he said that he had worked diligently on his § 2255 motion from August 1, 2008 until September 1, 2009, while he was awaiting trial in a separate case in the

1

Eastern District of Wisconsin, that he was transferred to Hazelton, that his legal papers were moved separately and that they were lost by the staff at the penitentiary. Dkt. #484.

Because it appeared from defendant's response that he might be entitled to consideration for an extension of time, given the government's mishandling of his papers, I asked the Federal Defender to appoint counsel to represent defendant, dkt. #485, which it did. On January 5, 2011, counsel asked the court to be relieved of her obligation to represent defendant. Dkt. #488. She said that she had reviewed all of the relevant documents in the record and elsewhere, that she had discussed the matter with defendant at length and examined the relevant case law and had concluded that there were no non-frivolous arguments she could advance on his behalf, beyond those that defendant had made in his own filings. I granted the request to withdraw. Dkt. #489.

Defendant did not file anything with the court after January 2011 until recently, when he filed requests for copies of court documents. In a letter received on May 24, 2011, dkt. #498, defendant wrote to say that he wanted to file a notice of appeal of his post conviction motion. The difficulty with this request is that he has never filed a post conviction motion for the court to address.

At this point, defendant has two options. First, he could file a motion for post conviction relief in this court, explaining why he believes he was convicted in violation of the United States Constitution. If he decides to do this, he will have to explain why he could

2

not have filed such a motion earlier when it would have been timely. Motions for post conviction relief brought by federal prisoners under 28 U.S.C. § 2255 have a one-year deadline. The deadline starts to run from the time the prisoner's conviction became final. It appears that defendant's conviction became final in 2009. If this is true, then his time for filing a post conviction motion expired in 2010 unless defendant can show that an exception to this deadline applies to him. If he believes that he was prevented from doing so by the prison's negligence in losing his papers, he should explain why he could not have prepared a new motion and why he needed his papers to explain why he believed that his conviction was unconstitutional.

Second, defendant has the option of proceeding with his appeal. However, there is no order to appeal. If he still wishes to proceed, he will have to ask for a certificate of appealability *and* pay a filing fee of $455. To obtain a certificate of appealability, defendant must show the court that he has "made a substantial showing of the denial of a constitutional right." Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000); see also 28 U.S.C. § 2253(c)(2). Without an order to appeal, defendant cannot make this showing.

If defendant does not have enough money to pay any portion of his filing fee of $455, he may apply for pauper status, which will require him to submit a trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. (In this case, he would need a statement for the period December 1, 2010 to June 1, 2011.)

3

In determining whether a person seeking post conviction relief is eligible for pauper status, the court applies the formula set out in 28 U.S.C. § 1915(b)(1): from defendant's trust fund account statement for the six-month period immediately preceding the filing of his appeal, I add the deposits made to his account and calculate 20% of the greater of the average monthly deposits or the average monthly balance in the account. If the 20% figure is more than the fee defendant owes for filing his appeal, he may not proceed in forma pauperis. If the 20% figure is less than $455, he must prepay whatever portion of the fee the calculation yields.

Even if I were to find defendant eligible for pauper status, however, I would still have to determine whether his appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Again, this would be a difficult finding to make when defendant has not filed any motion for post conviction relief.

Defendant should keep in mind that if he proceeds with his appeal and is found to qualify for pauper status, over time, he will have to pay the full amount from his prison earnings or deposits made to his account. If defendant chooses not to proceed with his appeal, he will not be required to make any payments toward the cost of his appeal, now or in the future.

ORDER

IT IS ORDERED that defendant Florentino Castillo may have until June 28, 2011 in which to either submit a motion for post conviction relief or, if his wishes to appeal, submit a request for a certificate of appealability and a copy of his prison trust fund for the last six months, or from November 15, 2010 to May 15, 2011. If, by June 28, 2011, he does not file anything, the court will assume that he has chosen not to proceed further on either his motion for post conviction relief or his appeal.

Entered this 1st day of June, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge